UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA ROBIC, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:16CV1677JCH |
| ) | |
| MR. BULTS INC., et al. ) | |
| ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion to Compel Discovery. (ECF 52). The matter is fully briefed and ready for disposition.

In her Complaint, Plaintiff alleges that Defendant Michael Douglas negligently caused the subject accident while operating a tractor trailer. (ECF 2 (Complaint), Count I, ¶¶ 10, 13). Plaintiff's Complaint does not make any allegations that Defendant Mr. Bults Inc. (MBI) was negligent; rather, Plaintiff alleges that MBI is vicariously liable for the alleged actions of Douglas, its employee. (ECF 2, Count I, ¶ 6). MBI has admitted Douglas was its employee and was driving its truck at the time of the accident. (ECF 19 (Amended Answer), ¶ 3). Plaintiff seeks punitive damages against both Douglas and MBI based on Douglas's allegedly using a cell phone while driving. (ECF 2, Count 2, ¶ 2).

On June 30, 2017, Plaintiff served a Notice of Taking Video Deposition Pursuant to Rule 30(b)(6) and Rule 34 of the Federal Rules of Civil Procedure (Plaintiff's Rule 30(b)(6) Notice). (ECF 26.1). On August 16, 2017, the Court granted Defendants' First Motion for Protective Order, agreeing with Defendants that the majority of topics and requests designated in Plaintiff's Rule 30(b)(6) Notice related to issues not relevant to Plaintiff's claims and Defendants' defenses. (ECF 26, 32). *See* Fed. R. Civ. P. 26(b)(1) (allowing parties to obtain discovery regarding any non-privileged matter that is "relevant to any party's claim or defense"). In particular, the topics which were the subject of the Court's August 16, 2017 Protective Order covered, among other things, Douglas's driver qualification record and application file, his "Retention," his "Violations, citations, sanctions, disciplinary actions, and legal actions," the manner in which Douglas was compensated, results of his pre-accident and post-accident drug testing, Douglas's medical records, and all driver manuals, safety materials, policies, procedure, and rules and regulations which were provided to or were made available to Douglas by MBI. (ECF 23, 26, 32).

Subsequently, after Plaintiff set the deposition of David Bult, who was Douglas's supervisor at MBI and MBI's safety director, Defendants filed a Second Motion for Protective Order. (ECF 47). The Court agreed with Defendants' argument that because that the only allegations against MBI relate to its vicarious

liability, the testimony of the supervisor/safety director was not relevant to the issues presented. As such, on September 27, 2017, the Court granted Defendants' Second Motion for Protective Order. (ECF 50; ECF 51).

On September 13, 2017, Plaintiff served a First Request for Production of Documents on MBI. In the pending Motion to Compel Discovery, Plaintiff moves the Court to compel Defendants to provide "complete and accurate answers to Plaintiff's First Request for Production of Documents." Plaintiff contends that Defendants have "objected to 17 out of 18" of the Requests for Production and that, "[f]or the only Request [Defendants] did not object to, Request No. 4, they did not provide any new information." (ECF 52 at 2).

In their Response to Plaintiff's Motion to Compel Discovery, Defendants argue that all but three of the Requests at issue are identical or similar to the Requests included in Plaintiff's prior Rule 30(b)(6) Notice, for which the Court granted a Protective Order on August 16, 2017. (ECF 23, 26, 32). *See e.g.,* June 30, 2017, Request #2 (seeking Douglas's complete personnel file) (ECF 23 at 5); Sept. 13, 2017, Request #2 (seeking Douglas's complete personnel file) (ECF 52 at 4). The three requests which Defendants suggest are not identically or similarly worded to the requests at issue in Defendants' First Motion for Protective Order are Plaintiff's Requests 6, 7, and 8. In these Requests, Plaintiff asks the Court to compel Defendants to produce:

3

6. All documents relating to or regarding Defendant Michael Douglas's termination as an employee driver from Defendant Mr. Bults, Inc.

7. Any and all documents relating to or regarding Defendant Michael Douglas's compensation from Defendant Mr. Bults, Inc. on the subject accident date.

8. The results from the post-accident drug test Defendant Michael Douglas took on the subject accident date.

(ECF 52, ¶¶ 6-8).

The Court agrees with Defendants and finds that the matters which are the subject of Plaintiff's First Request for Production of Documents are either identical or similar to Requests included in Plaintiff's prior Rule 30(b)(6) Notice, for which the Court granted a Protective Order on August 16, 2017 or that they fall within the topics for which the Court granted the August 16, 2017 Protective Order or the September 27, 2017 Protective Order. As such, the Court finds that Plaintiff's Motion to Compel Discovery should be denied in its entirety. *See* Fed. R. Civ. P. 26(b)(1).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Discovery (ECF 52) is **DENIED**.

Dated this 14th Day of November 2017.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE